O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD DEMIRAIAKIAN, individual, | ) ) ) | Case No. CV 15-03138 DDP (VBKx) |
| Plaintiff, | ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| v. | ) ) | [Dkt. No. 6] |
| WELLS FARGO BANK, N.A., a banking business corporation registered to do business in California and NDEX WEST, LLC, a corporation registered to do business in California, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Presently before the Court is Defendants' Motion to Dismiss the complaint under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 6.) Having reviewed the complaint and Defendants' submissions, the Court GRANTS the motion and adopts the following order.

**I. BACKGROUND**

On February 13, 2015, Plaintiff filed an action against Wells Fargo Bank N.A. and NDeX West LLC in Los Angeles Superior Court, alleging that Defendants violated the California Homeowner Bill of Rights ("HBOR") while attempting to foreclose on real property

owned by Plaintiff.  (Compl. 1, Dkt. No. 1, Ex. A.)  Defendants removed the action to this court.  (Notice of Removal, Dkt. No. 1.)

Defendants recorded a notice of default in June 2013, followed by a notice of trustee's sale in September 2014.  (Compl. ¶¶ 7-8; Req. for Judicial Notice ("RJN"), Exs. J, K.)  Plaintiff alleges Defendants violated HBOR by failing to contact the Plaintiff at least 30 days before filing a notice of default to discuss options to avoid foreclosure.  (Compl. ¶¶ 9-10.) Plaintiff alleges Defendants failed to fulfill other HBOR requirements, including requirements to provide Plaintiff with a telephone number to the U.S. Department of Housing and Urban Development, to attempt to contact Plaintiff by phone, automated phone system, and certified mail, to provide a way for Plaintiff to contact Defendants in a timely manner, and to post a prominent link on Defendants' Internet homepage.  (Id. ¶¶ 11-13.)

Plaintiff alleges that Defendants also violated HBOR because Defendants' notice of default was missing a declaration that Defendants had contacted Plaintiff about options to avoid foreclosure.  (Id. ¶ 17.)  Plaintiff alleges he is able to tender the unpaid amount under the loan agreement if he obtains financing.  (Id. ¶ 20.)

Plaintiff also alleges Defendants do not acknowledge that the Plaintiff owns the property at issue, and Plaintiff is therefore suing Defendants for Quiet Title.  (Id. ¶ 30.)

Defendants have provided the Deed of Trust for the property at issue, showing that Plaintiff did not represent that the property was Plaintiff's primary residence when Plaintiff entered

1   the mortgage agreement.  (RJN, Ex. B at 14.)  A notice of default

2   was originally recorded in July 2009 and a notice of sale was

3   recorded in October 2009.  (<u>Id.</u>, Exs. D, E.)

4        Plaintiff recorded two grant deeds in 2010, transferring a

5   20% interest in the property to the Plaintiff and three other

6   persons and then transferring an 80% interest to Plaintiff and a

7   20% interest to an entity named VA 1, Inc.  (<u>Id.</u>, Exs. F, G.)  The

8   property was sold at a trustee's sale in July 2010, but the

9   trustee's deed was rescinded in August 2010.  (<u>Id.</u>, Exs. H, I.)

10        A new notice of default was recorded in June 2013, based on

11  the same default referenced in the 2009 notice of default.  (<u>Id.</u>

12  Ex. J, p. 4.)  A declaration of compliance was attached to the

13  notice of default, stating that the Plaintiff was contacted at

14  least 30 days earlier to discuss options to avoid foreclosure.

15  (<u>Id.</u>, Ex. H at 5.)

16        When Plaintiff purchased the property at issue, he owned at

17  least three other properties.  (<u>Id.</u>, Exs. L, N, P.)  Two of these

18  properties have since been foreclosed.  (<u>Id.</u>, Exs. M, O.)

19  Plaintiff alleges he owned, maintained, and used the property at

20  issue.  (Compl. ¶ 26.)  Plaintiff does not allege that the

21  property was his principal residence.

22        Plaintiff seeks damages, an injunction preventing Defendants

23  from foreclosing on Plaintiff's property, an order quieting title,

24  and a judgment that the deed is void.  (Compl. 7.)

25        On May 4, 2015, Defendants filed a motion to dismiss for

26  failure to state a claim.  (Def.'s Mot. Dismiss, Dkt. No. 6.)

27  Plaintiff has not filed an opposition.

28  ///

**II. LEGAL STANDARD**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint is dismissed if it fails to state a claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When considering a 12(b)(6) motion, we assume the truth of the plaintiff's allegations and construe the allegations in the light most favorable to the plaintiff. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  To survive a motion to dismiss, a complaint must allege enough facts to state a claim that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

**III. DISCUSSION**

**A. Judicial Noticeability**

Defendants ask the Court to take judicial notice of several records related to Plaintiff's mortgage for the property at issue. (RJN 2.) Defendants also request judicial notice of government records documenting the merger of the bank that originated Plaintiff's mortgage. (Id.) Plaintiff has not filed an opposition to Defendants' request.

In a motion to dismiss, the Court generally reviews only the contents of the complaint. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993).  However, the Court may also consider documents outside the complaint if their authenticity is not contested and the complaint necessarily depends on them. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  The Court may also consider matters of public record in deciding a 12(b)(6) motion. Mack v. South Bay Beer Distribs., 798 F.2d 1279, 1282 (9th Cir. 1986).

1   After reviewing the complaint and the documents for which

2   judicial notice has been requested, the Court takes notice of all

3   exhibits included in Defendants' Request for Judicial Notice.

4   Each of these documents is either central to the complaint or is a

5   matter of public record.  Plaintiff has not contested the

6   authenticity of any of these documents.  It is appropriate to

7   consider these documents together with the complaint in deciding

8   the motion to dismiss.

9   **B. Plaintiff's Claims Under HBOR**

10   Cal. Civ. Code §§ 2923.5 and 2923.55 protect rights

11   pertaining to certain mortgages, defaults, and foreclosures.

12   These sections protect only "owner occupied residential real

13   property," defined as property used as the borrower's principal

14   residence.  Cal. Civ. Code § 2924.15(a).  Further, the loan

15   secured by the principal residence must be made for "personal,

16   family, or household purposes."  Id.

17   The deed of trust for the property at issue shows that

18   Plaintiff did not assert that the property was owner occupied.

19   (See RNJ Ex. B, ¶ 32.)  Other documents indicate that Plaintiff's

20   principal residence was elsewhere.  (See RNJ Exs. F, G.)  Not even

21   in the complaint does Plaintiff allege that the property at issue

22   was his principal place of residence, or that the mortgage loan

23   was made for "personal, family, or household purposes."

24   Plaintiff seeks relief under Cal. Civ. Code § 2923.5 for

25   property not protected by this law.  Therefore, Plaintiff does not

26   state a claim for which relief can be granted, and this portion of

27   Plaintiff's complaint must be dismissed.

28   ///

5

1      **C. Plaintiff's Claim for Quiet Title**

2          A claim to quiet title must include (1) a description of the

3    property at issue; (2) a statement of plaintiff's title to the

4    property; (3) the adverse claims to the title for which

5    determination is sought; (4) the date for which the determination

6    of rights is sought; and (5) a prayer for determination of

7    plaintiff's title against adverse claims.  Cal. Code Civ. Proc. §

8    761.020.  A mortgagor cannot quiet title against a mortgagee

9    without first tendering the amount owed on the mortgage.  Miller

10   v. Provost, 26 Cal. App. 4th 1703, 1707 (1994).

11         Plaintiff does not allege he has tendered his remaining

12   mortgage debt; Plaintiff has merely alleged that he will pay the

13   debt if he obtains financing.  (Compl. ¶ 20.)  Tender is valid

14   only if the amount owed is given to the creditor.  Nguyen v.

15   Calhoun, 105 Cal. App. 4th 428, 439 (2003).  Plaintiff cannot

16   state a claim for quiet title without alleging tender of the debt.

17   Plaintiff also does not state the date as to which he seeks a

18   determination of rights.  Plaintiff therefore does not state a

19   claim for quiet title.

20   **IV. CONCLUSION**

21         Plaintiff's complaint does not state a claim upon which

22   relief can be granted. The complaint is therefore dismissed with

23   leave to amend within 21 days.

24   IT IS SO ORDERED.

25

26   Dated: July 23, 2015

27                                    DEAN D. PREGERSON
                                      United States District Judge
28